## Burrus *vs.* Smith & Turner.

Certiorari, from Walton. Practice in Superior Court. Landlord and tenant. Statutes of Fraud Consideration. Evidence. Mortgage. Justices and Justice Courts. (Before Judge Hutchins.)

Jackson, C. J.—1. Where counsel for both parties in a certiorari were present, and also the justice whose decision was excepted to, and one of the attorneys moved orally in open court that the justice be permitted to amend his answer, by stating a particular fact, which had been omitted in the original answer, which was allowed, no objection made, at the next term thereafter, a motion to strike out the amend·ment was properly overruled.

2. Where a cropper had raised certain cotton on the rented land, and the landlord was about to sell it, when a person holding a mortgage on the cotton, given by the cropper, resisted the sale, and threatened to stop it under his mortgage, and in order to free the cotton from thi-threatened interposition and the law suit consequent thereon, the lands lord promised to pay the debt of his cropper and tenant for advances made to him in raising the crop, this was not a voluntary verbal promise to pay the debt of another, and therefore within the statute of frauds, but was a promise based on a valuable consideration. Nor did it make any difference whether the mortgage was good or whether it was insufficient to take the cotton.

3. The mortgage held by the defendants in error was properly admissible and admitted, because it was an important element to make the consideration for the promise, which made it an original undertaking and without the statute of frauds.

4. A remark of a justice of the peace in ruling on the admissibility of evidence, as to its effect if true, would not require a new trial, though made in the hearing of the jury.

(a.) The rule in the superior and city courts prohibiting the judge from expressing an opinion on facts, does not apply to a trial before a jury in a justice's court, on an appeal from his judgment.

5. If evidence of the sayings of a landlord as to his dealings with his tenants and croppers was admissible, it was admissable to impeach him by showing his acts, to contradict his statements.

Judgment affirmed.

D. H. Walker; Ray & Walker for plaintiff in error.

John W. Arnold, for defendants.